IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03684-TPO

GULADI GELKHVIIDZE,

    Petitioner,

v.

JUAN BALTASAR, Warden,
GEO Aurora Detention Facility;

ROBERT HAGAN, Field Director of the Denver Field Office,
U.S. Immigration and Customs Enforcement;

TODD M. LYONS, Acting Director,
U.S. Immigration and Customs Enforcement;

KRISTI NOEM, Secretary,
U.S. Department of Homeland Security; and

PAMELA JO BONDI, Attorney General of the United States;

All in the official capacity;

    Respondents.

---

## ORDER

**Timothy P. O'Hara, United States Magistrate Judge.**

    This matter comes before this Court upon the Petitioner's Petition for Writ of Habeas Corpus [ECF 1]. Pursuant to 18 U.S.C. § 636(c), the Parties have consented to this Court's jurisdiction for all purposes. ECF 9. Having reviewed the Petition [ECF 1], Respondents' Response to Order to Show Cause [ECF 11], Petitioner's Reply [ECF 12], and having reviewed the operative case law, the Court **grants** the Petition [1].

*Background*

On November 16, 2025, Petitioner filed his Petition for a Writ of Habeas Corpus [ECF 1]. Petitioner states that he is a citizen of the country of Georgia and has now been in custody for more than 20 months since his apprehension, and for nearly 11 months since he was ordered removed from the United States.[1] ECF 1 ¶ 15, 34.

On July 24, 2024, Petitioner was apprehended near the United States-Mexico border following an illegal entry. ECF 11-1 ¶ 5. U.S. Customs and Border Patrol determined that Petitioner was inadmissible to the United States and initiated expedited removal proceedings under 8 U.S.C. § 1225(b)(1). *Id.* ¶ 6.

On August 23, 2024, U.S. Citizenship and Immigration Services (USCIS) issued a Notice to Appear (NTA). ECF 11-1 ¶ 10. Then, on September 16, 2024, Petitioner appeared before an immigration judge and admitted the allegations in the NTA. *Id.* ¶ 11. At that time, the immigration judge designated Georgia as the country of removal. *Id.*

On November 26, 2024, Petitioner filed a Form I-589, seeking asylum and to withhold removal. ECF 11-1 ¶ 12. On March 7, 2025, the immigration judge held a hearing on Petitioner's applications. *Id.* ¶ 13. On March 11, 2025, the immigration judge denied Petitioner's application for asylum and "ordered him removed to Georgia."[2] *Id.* ¶ 14. However, the immigration judge also "granted Petitioner's request for withholding of removal to Georgia under 8 U.S.C. § 1231(b)(3)."[3] *Id.* As a result, Petitioner is currently detained under 8 U.S.C. § 1231. *Id.* ¶ 16; *see also* ECF 1 ¶ 4, 22.

---

[1] As of the filing of the Petition, Petitioner had been in custody for 17 months. ECF 1 ¶ 15.

[2] On April 10, 2025, the immigration judge's Removal Order became final. ECF 11-1 ¶ 15.

[3] Petitioner states that he cannot be removed to Georgia under 8 U.S.C. § 208.16.

2

In their Response, Respondents describe their efforts to remove Petitioner to a number of third countries. *See* ECF 11-1 ¶ 17. This Court counts nine total countries that ICE has contacted to accept Petitioner. *Id.* ¶¶ 18-19, 24. The last such request occurred on July 9, 2025, more than eight months ago. *See id.* ¶ 24. Two of the requested countries have denied ICE's request to accept Petitioner. *Id.* ¶¶ 20, 25. ICE "has not received responses" from the remaining countries. *Id.* ¶¶ 18, 21, 26. Currently, "DHS and the U.S. Department of State are working in coordination to evaluate and select a third country for removal." *Id.* ¶ 27.

*Allegations in the Petition [ECF 1]*

Petitioner alleges Respondents' actions have violated: the Immigration and Nationality Act, 8 U.S.C. § 1231(a), the Due Process Clause of the Fifth Amendment to the United States Constitution, as well as the applicable federal regulations. ECF 1 ¶¶ 36-43. Petitioner argues that the applicable deadlines to remove Petitioner have passed, including the 90-day period contemplated in 8 U.S.C. § 1231(a)(3) and the 180-day, presumptively reasonable period of detention discussed by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 689-90 (2001). *See id.* ¶¶ 22, 34.

Respondents assert generally that ICE "continues to pursue Petitioner's removal to alternative countries pursuant to 8 U.S.C. § 1231(b)." ECF 11 at 6. No specific plan or timeline is provided. As to Petitioner's due process argument, Respondents note that Petitioner failed to avail himself of opportunities to submit additional documentation and/or make a statement in support of his release by failing to participate in the personal interview. *Id.* at 7.

In his Reply, Petitioner notes Respondents' "lack of a response," highlighting that 230 days have passed since Respondents last requested Petitioner's removal from any third country. ECF 12 at 4. Petitioner highlights that under the *Zadvydas* burden-shifting analysis, Respondents fail to

justify that there is a significant likelihood of removal in the reasonably foreseeable future because the record shows no evidence of any recent attempt to remove Petitioner from the United States. *Id.*

## LEGAL STANDARD

This Court has jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2241, to hear this case. *Zadvydas*, 533 U.S. at 687. Courts are authorized to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

## ANALYSIS

Petitioner has been in custody for a total of 20 months, including nearly 11 months since the immigration judge's removal order became final on April 10, 2025. This Court finds that Petitioner's challenge to his continued detention based on 8 U.S.C. § 1231(a) and *Zadvydas* is a valid one and will grant relief on those grounds.

The Parties agree that the Court should consider *Zadvydas* in determining Petitioner's constitutional challenge to his prolonged detention.[4] ECF 1 ¶ 27; ECF 11 at 7. In *Zadvydas*, the Supreme recognized a "presumptively reasonable period of detention," determined to be six months, for immigration authorities to effectuate the removal of an individual. 533 U.S. at 701. After six months, the individual must provide a "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If the individual makes such a

---

[4] The Parties do not appear to dispute that Petitioner is subject to removal and may be held in detention, generally, under 8 U.S.C. § 1231.

showing, the individual may still remain in custody, but only if the government rebuts the individual's evidence by demonstrating that there is a significant likelihood of removal in the reasonably foreseeable future. *Id.*

Turning to the facts of this case, the Court finds that Petitioner has met his burden under *Zadvydas* and has demonstrated that there is good reason to believe that there is no significant likelihood of his removal to Georgia or a third country in the reasonably foreseeable future. In his Petition, Petitioner generally alleges that he has been detained for "far more than 180 days following this final order of removal," and that even after so much time, "there is no evidence to support any country issuing him a travel document." ECF 1 ¶ 33-34. Petitioner asserts that ICE cannot deport him back to Georgia, and that no other country has agreed to accept him. *Id.* ¶¶ 17, 20.

Respondents do not contest Petitioner's factual allegations. As a result, the Court finds that Petitioner has provided good reason to believe that his removal is not significantly likely in the reasonably foreseeable future.

The Court next turns to the evidence provided by Respondents to rebut Petitioner's showing. Respondents have submitted the affidavit of Deportation Agent Shane R. Blea. *See* ECF 11-1. Its affiant confirmed that Petitioner was apprehended near the border on July 24, 2024, and that he has remained in continuous custody since the removal order became final on April 10, 2025. *Id.* ¶¶ 5, 15, 28. Respondents never argue that there is a significant likelihood of removal in the reasonably foreseeable future. *See generally* ECF 11. Respondents only go as far as to say that ICE "continues to pursue Petitioner's removal to alternative countries pursuant to 8 U.S.C. § 1231(b)." *Id.* at 6 (citing ECF 11-1 ¶¶ 18-21, 24-27). The affidavit fails to demonstrate any specific plan or timeline that would be indicative of Petitioner's impending removal anywhere in the near

5

future. Respondents fail to provide a single document confirming Petitioner's deportation to either Georgia or a third country. Based on the Respondents' own affidavit, the last attempt to find a third country occurred in July of 2025, more than eight months ago. Considering that Petitioner has been in custody for nearly 11 months since the removal order was finalized, the Court would expect the process to be finished or nearly finished, not just beginning.

ICE's "bare assertions" that it is pursuing deportation options are typically insufficient to rebut Petitioner's showing. *See Aguilar v. Noem*, No. 25-cv-03463-NYW, 2025 WL 3514282, at *6 (D. Colo. Dec. 8, 2025). Non-specific representations and preliminary efforts to effectuate removal are frequently found to be insufficient. *See Peña-Gil v. Lyons*, No. 25-cv-03268-PAB-NRN, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025) (collecting cases); *Aguilar*, 2025 WL 3514282, at *6 (citing *Balouch v. Bondi*, No. 9:25-cv-00216-MJT, 20215 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) ("ruling that 'conclusory statements via written declarations that [the government was] taking steps to remove Petitioner to Iran' were insufficient to meet government's burden") (also citing *Momenia v. Bondi*, No. 25-cv-01067-J, 2025 WL 3011896, at *10 (W.D. Okla. Oct. 15, 2025)); *Nguyen v. Scott*, 796 F. Supp. 3d 703, 725 (W.D. Wash. 2025) ("Courts in this circuit have regularly refused to find Respondents' burden met where Respondents have offered little more than generalizations regarding the likelihood that removal will occur.") (citations omitted); *Martinez v. Noem*, No. 25-cv-02740-BJC-BJW, 2025 WL 3171738, at *5 (S.D. Cal. Nov. 13, 2025); *Suarez-Ramirez v. Bondi*, No. 2:25-cv-02369-MMD-EJY, 2026 WL 115020, at *2 (D. Nev. Jan. 15, 2026).

As a result, this Court finds that Respondents have failed to meet their burden to demonstrate that there is good reason to believe that Petitioner's removal is significantly likely in the reasonably foreseeable future. Respondents have detained Petitioner in violation of the Fifth

Amendment and the INA. The Court, therefore, **grants** Petitioner's Petition [ECF 1] and orders his release from custody pursuant to 28 U.S.C. § 2241(c)(3).

## ORDER

1) Petitioner's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF 7] is **GRANTED**;

2) Respondents **SHALL RELEASE** Petitioner within 24 hours of the issuance of this Order and may issue conditions of release under 8 U.S.C. § 1231(a)(3); and

3) On or before **March 13, 2026**, the Parties shall file a Joint Status Report informing the Court of the status of Petitioner's release and whether any additional proceedings in this matter are required.

SO ORDERED.

DATED at Denver, Colorado, this 9th day of March, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge